UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

TONYA K. GODWIN,

Plaintiff,

-v-

CARNIVAL CRUISE LINES and
CARNIVAL CORPORATION.

Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW** the Plaintiff, **TONYA K. GODWIN**, by and through her undersigned attorneys, and sues Defendants, **CARNIVAL CRUISE LINES and CARNIVAL CORPORATION** (hereinafter "**CARNIVAL**") and alleges:

1. At all times mentioned herein, Plaintiff, **TONYA K. GODWIN** was and is now a citizen and domiciled in the State of Florida.

2. Defendant, **CARNIVAL**, were and are now foreign corporations with principal places of business in the State of Florida, at 3655 NW 87th Avenue, Miami, Florida 33178, and maintaining offices and agents, and doing business in Jacksonville, Duval County, Florida. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. 1332. In the event this matter does not come under the diversity jurisdiction of the Court, the Plaintiff shall proceed under the admiralty jurisdiction.

3. Plaintiff has satisfied and performed all conditions precedent for bringing this action.

3/6

4. Defendant, **CARNIVAL,** at all times material hereto, personally or through an agent:

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county, or had an office or agency in this state and/or county.;

   b. Was engaged in substantial activity within this state;

   c. Operated vessels in the waters of this state;

   d. Committed on or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

   e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state;

   f. The Defendant was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel, Fascination.

5. At all times material hereto, Defendant is subject to the jurisdiction of the Courts of this state.

6. At all times material hereto, the causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

7. At all times material hereto, Defendant owned, operated, managed, maintained and/or controlled the cruise ship vessel, Fascination.

8. On or about December 15, 2014, Plaintiff, **TONYA K. GODWIN,** was a paying passenger on the Fascination, which was in navigable waters.

9. On or about December 15, 2014, while aboard the Fascination, Plaintiff, **TONYA K. GODWIN,** suffered serious personal injuries when she slipped and fell on a spiral staircase in the atrium.

10. Defendant knew, or in the exercise of reasonable care under the circumstances, should have known of the negligently maintained the spiral staircase in the atrium, as well as the dangerous condition it created, and failed to adequately maintain the spiral staircase in the atrium where she fell.

11. On December 15, 2014, Plaintiff, **TONYA K. GODWIN** was attempting to descend the spiral staircase in the atrium onboard the Fascination, slipped, and fell, and as a direct and proximate result of Defendants' failure to reasonably maintain the spiral staircase in the atrium, Plaintiff was injured.

## COUNT I

### NEGLIGENCE AGAINST DEFENDANT CARNIVAL

Plaintiff realleges, adopts and incorporates by reference the allegations in paragraphs 1 through 11 as though alleged originally herein.

12. It was the duty of Defendant to provide Plaintiff with reasonable care under the circumstance.

13. On the date and at the place aforesaid, the Defendant, **CARNIVAL,** breached its duty owed to the Plaintiff, **TONYA K. GODWIN**, by committing one or more of the following omissions or commissions:

14. Plaintiff was injured due to the fault and/or negligence of Defendant, and/or their agents, servants, and/or employees as follows:

(a) Failure to provide passengers, including Plaintiff, with a walking area free of passengers;

(b) Failure to maintain a reasonably safe walking area where Plaintiff slipped/tripped and fell, and/or;

(c) Failure to control crowds and/or crowding of passengers and/or employees in the area where Plaintiff slipped/tripped and fell, and/or;

(d) Failure to identify the slipping hazard(s) which caused Plaintiff to slip/trip and fall, and/or;

(e) Failure to adequately inspect the area where Plaintiff suffered her accident, and/or;

(f) Failure to warn Plaintiff of the slipping/tripping hazard(s) posed to her, and/or;

(g) Failure to warn the Plaintiff of the hazard(s) posed to her due to the lack of reasonably adequate maintenance and inspection of the area where she suffered her accident, and/or;

(h) Failure to close off access to the area where Plaintiff suffered her accident.

(i) Failure to correct the hazard(s) which caused Plaintiff to suffer her accident; and/or

(j) Failure to eliminate and/or modify the hazard(s) which caused Plaintiff to suffer the accident, and/or

(k) Failure to close off access to the area where Plaintiff suffered her accident.

All of which caused and/or contributed to the Plaintiff being severely injured when she slipped and fell while descending the spiral staircase in the atrium onboard Defendant's vessel, Fascination.

15. At all times material hereto, Defendant had exclusive custody and control of the Fascination.

16. Defendant knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them and corrected them.

17. As a direct and proximate result of the Defendant's failure to use reasonable care under the circumstances, the Plaintiff, **TONYA K. GODWIN**, suffered serious bodily injury and resulting in pain and suffering, disability, mental anguish, loss of capacity for enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings and ability to earn money. Plaintiff, **TONYA K. GODWIN** continues to have problems with her legs, and as such, continues to seek treatment. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future.

18. At all times material hereto, Defendant had exclusive custody and control of the Fascination.

19. Defendant knew of the foregoing conditions causing Plaintiff's accident and did not correct them, or the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have known that the spiral staircase in the atrium would cause danger. Defendant failed to adequately monitor the subject area, as well as warn the Plaintiff of the dangerous condition.

20. As a result of the negligence of Defendant, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain, mental anguish, loss of enjoyment of life, disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap. The injuries are permanent or continuing in nature and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff lost the benefit of Plaintiff's vacation, cruise and transportation costs.

**WHEREFORE** the Plaintiff, **TONYA K. GODWIN**, demands judgment against the Defendants, **CARNIVAL CRUISE LINES and CARNIVAL CORPORATION,** in an amount in excess of Fifteen Thousand ($15,000) Dollars, and requests a trial by jury of all issues triable as of right by a jury.

**DATED** this 2nd day of December, 2015.

s/s Adam Brum
Adam Brum, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
abrum@forthepeople.com
cbianchi@forthepeople.com
Florida Bar #: 999512
Attorney for Plaintiff